**Anthony PERRUCCI, Plaintiff-Appellant,**

v.

**Martin A. GAFFEY, Defendant-Appellee.**

**No. 30, Docket 71-1305.**

United States Court of Appeals, Second Circuit.

Argued Sept. 15, 1971.

Decided Oct. 26, 1971.

Anthony Perrucci, pro se.

Morton H. Greenblatt, Meriden, Conn., for defendant-appellee.

Before KAUFMAN, ANDERSON and FEINBERG, Circuit Judges.

FEINBERG, *Circuit Judge:*

In the November 1968 election, plaintiff Anthony Perrucci, then an enrolled Democrat, ran unsuccessfully as an independent candidate for a state office in Connecticut having a two year term. In

January 1969, defendant, the Democratic Registrar of Voters for the City of Meriden, summarily removed plaintiff's name from the Democratic enrollment list and notified plaintiff of his action by telephone. Defendant acted under authority of a Connecticut party disaffiliation statute, Conn.Gen.Stat. §§ 9–60, 9–61 (1967),[1] which provided, *inter alia:*

> [I]f the name of any elector appears on the ballot label at an election only under a party designation other than that of the party with which he is enrolled, whether such elector was nominated by a major or minor party or by nominating petition, such name shall be removed from the enrolment list for a period of time equal to the term of the office for which he is a candidate.

Perrucci ignored the possibility that relief may have been available in the state court[2] and in October 1970, commenced an action *pro se* in the United States District Court for the District of Connecticut. In his complaint plaintiff requested a declaration that the statutes relied upon by defendant unconstitutionally deprived plaintiff of his right to vote in primaries and to participate in the full electoral process, and sought injunctive relief ordering defendant "to immediately restore the Plaintiff's name to the enrollment list of the Democratic party in Meriden." In addition, plaintiff sought "[d]amages and costs for all expenses and loss by reason of having to bring this action * * *."

After Judge M. Joseph Blumenfeld held a hearing on plaintiff's motion for a preliminary injunction requiring his affiliation pending the outcome of the litigation, but before Judge Blumenfeld issued his decision, plaintiff notified the court that his name had been reinstated on the enrollment list effective January 1, 1971. Although Judge Blumenfeld acquiesced in plaintiff's request to withdraw his motion, he filed a Memorandum of Decision in which the court, *sua sponte,* dismissed plaintiff's action, concluding that "the constitutional issues raised by the plaintiff were unsubstantial, and that, therefore, there was no basis for federal jurisdiction." Before the judgment of dismissal was entered, however, the court also granted plaintiff's motion to amend his complaint to allege that "[t]he amount in controversy exclusive of interests and costs exceeds the sum of ten thousand dollars." Subsequently, the court denied various motions made by plaintiff which included requests to vacate the order of dismissal and to permit a further amendment to the complaint, alleging a deprivation of rights under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff appeals from the order dismissing the complaint as well as from the orders denying post-judgment relief. We affirm, but do so without reaching the merits of the issues raised by plaintiff.

It is quite clear to us that the sole purposes of this action were to obtain a declaratory judgment that certain provisions of the Connecticut party disaffiliation statute are unconstitutional and to obtain an order requiring plaintiff's reaffiliation with the Democratic Party. Accordingly, because of the reaffiliation of plaintiff, the action and the appeal have become moot. See Sanks v. Georgia, 401 U.S. 144, 148, 91 S.Ct. 593, 27 L.Ed.2d 741 (1971); Demby v. Wexler, 436 F.2d 570 (2d Cir. 1970). First, an order requiring reaffiliation is obviously unnecessary now. Second, in terms of Article III jurisdictional requirements, no case or controversy over the power to disaffiliate presently exists between defendant and plaintiff, who is now an enrolled Democrat. See Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). Third, we are not persuaded that the issues presented are "capable of repetition, yet evading review." South-

---

1. The statute was amended in 1969 in technical respects not related to the issues presented in this litigation.

2. See Conn.Gen.Stat. § 9–63.

ern Pacific Terminal Co. v. ICC, 219 U. S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). There was a lapse of 21 months between the time plaintiff was notified of his disaffiliation and his lawsuit. His reinstatement less than three months later was, according to advice from defendant, automatic apparently because two years had elapsed since plaintiff's name had been stricken. See Conn.Gen.Stat. § 9–63.[3] Hence, there is no reason to believe that timing difficulties will invariably plague those affected or likely to be affected by possible future disaffiliations, if they act with reasonable promptness, cf. Moore v. Ogilvie, 394 U.S. 814, 815–816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969), or that the reaffiliation in the present case was ordered for the purpose of thwarting judicial review, see United States v. W. T. Grant Co., 345 U.S. 629, 632–633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953).

■ Finally, a word must be said regarding the allegation of damages, which, if still alive, would support a constitutional adjudication in this court as well as in the court below. See Powell v. McCormack, 395 U.S. 486, 495–500, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). At the time of the district court's Memorandum of Decision no proper allegation of damages was averred in the complaint, see 28 U.S.C. § 1331; the allegation was limited to "expenses and loss" incurred by plaintiff in bringing the action. Subsequent to the Memorandum, an amendment alleging damages in excess of $10,000 "exclusive of interests and costs" was allowed. Apparently, plaintiff had offered this amendment earlier in fear that the court either had dismissed or would dismiss the action for want of the requisite jurisdictional amount, and later unsuccessfully sought to invoke 42 U.S.C. § 1983 to avoid the necessity of proving the jurisdictional amount. In any event, an oral argument on this appeal, plaintiff indicated he was not concerned with these allegations of damages, at least in the present action. While we would not ordinarily hold a *pro se* plaintiff strictly to his words, we believe that we must exercise restraint in considering constitutional attacks on state statutes in view of the "fundamental principle" that we, like the Supreme Court, may in such situations "exercise our powers of judicial review only as a matter of necessity." Sanks v. Georgia, 401 U.S. 144, 151, 91 S.Ct. 593, 597, 27 L.Ed.2d 741 (1971). Thus, we conclude that this appeal must be dismissed as moot and that the action should have been dismissed by the district court for that reason rather than because plaintiff's constitutional claims are insubstantial. Compare Ray v. Blair, 343 U. S. 214, 72 S.Ct. 654, 96 L.Ed. 894 (1952), with Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968). See also Bell v. Hood, 327 U.S. 678, 682–684, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

Although plaintiff presses a number of other arguments on a variety of matters, in view of the disposition of this case we need mention only his claim that the district judge should have disqualified himself. There is nothing in the record to justify that view.

Judgment affirmed.

---

3. On December 31, 1970, defendant wrote to advise plaintiff that:

[Y]our name, which had been stricken on January 1, 1969 in accordance with the provisions of Section 9–61 of the Connecticut General Statutes, Revision of 1958, as amended by Public Act No. 902, Section 2 of the 1967 General Assembly, will automatically be restored to the Democratic Enrollment List effective January 1, 1971 in accordance with the provisions of the above-mentioned Statute.