Peggy SANDERS et al., Appellants,

v.

George K. WYMAN, As Commissioner of the New York State Department of Social Services and Jule M. Sugarman, as Commissioner of the New York City Department of Social Services, Appellees.

No. 762, Docket 71-2152.

United States Court of Appeals, Second Circuit.

Argued June 8, 1972.

Decided July 12, 1972.

E. Judson Jennings, New York City (Bernard C. Durham and Jonathan A. Weiss, New York City, on the brief), for appellants.

Amy Juviler, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. for N. Y., Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for appellee Wyman.

Nina G. Goldstein, New York City (J. Lee Rankin, Corp. Counsel, City of New York, Stanley Buchsbaum, New York City, of counsel), for appellee Sugarman.

Before FRIENDLY, Chief Judge, and LUMBARD and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York, Hon. Dudley Bonsal, entered October 21, 1971 which dismissed the plaintiffs' complaint for failure to state a claim upon which relief can be granted (F.R.Civ.P. 12(b) (6)), and which denied plaintiffs' motion to declare a class action and to convene a three judge court. We dismiss this appeal.

The plaintiffs at the time the complaint was brought were all residents of the Broadway Central Hotel and recipients of public assistance under the Aid

to Families with Dependent Children Program. Because of undesirable conditions in this "welfare hotel" an effort was made to place permanently some of the residents in public housing pursuant to an agreement between the New York City Housing Authority and the New York City Department of Social Services. The arrangement allocated a substantial number of vacancies in public housing to public assistance recipients giving them an emergency priority over those who were on a ten year old waiting list. An assistant to the City Commissioner of Social Services advised the plaintiffs that the Department of Social Services would require welfare recipients in the hotel to sign waivers for the release of information from their confidential files to the New York City Housing Authority in connection with the processing of their applications for public housing placement. When various welfare recipients refused to sign such waivers, they were told that the waivers were unnecessary because the Social Services Department could release the information without the recipients' consent. This proposed action precipitated the complaint herein. The state statute authorizing the limited release of confidential information in a welfare recipient's file (N.Y.Soc.Services Law § 136) is urged in the complaint to be violative of the first, fourth, fifth and fourteenth amendments to the Constitution; to be in violation of 42 U.S.C. § 602(a) (9) and further to violate the regulations of the Department of Health, Education and Welfare, 45 C.F.R. § 205.50(a) (1) (i), (2) (ii), (iii) and (v).

■ Prior to the service of the complaint, the defendants agreed not to disclose the records of a client without the uncoerced permission of the recipient pending the outcome of the proceedings, and signed a stipulation to that effect which was made the order of the District Court by Hon. Constance Motley on April 19, 1971. Thereafter, the defendants submitted a further signed stipulation that no disclosure of such confidential information in social service records

would be made to the New York City Housing Authority or any other agency unless the recipient, without coercion of any kind, freely permitted disclosure after being advised of its nature and purpose. The plaintiffs proposed a comparable stipulation; the only substantial difference was a requirement that if the recipient was represented by counsel, the defendants were to notify counsel to obtain consent rather than the recipient. Defendants refused to accept the requirement of counsel rather than recipient notification, and plaintiffs moved for a preliminary injunction which was denied on June 9, 1971 by District Court Judge Thomas Croake. In his memorandum he indicated that there was nothing in the record to indicate that this unusual procedure of counsel notification was justified, but he further provided that if the defendants reneged on any element of their self-imposed restrictions, another motion for injunctive relief would be entertained. Plaintiffs then moved for an order allowing the action to be maintained as a class action and for the convening of a statutory three judge court. This motion was dismissed from the bench by Judge Bonsal on July 6, 1971. On October 21, 1971 he granted plaintiffs' motion for reconsideration but on reconsideration adhered to the denial and further dismissed the complaint on defendants' motion finding no substantial federal question.

■ The gist of plaintiffs' constitutional attack is that the defendants have threatened to invade their right of privacy guaranteed, it is urged, by the Bill of Rights. Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). The difficulty with plaintiffs' position is that there is no threat at all to any such right assuming arguendo that it existed in the facts we have outlined. Even before the complaint was served, the New York State Department of Social Services and the New York City Department of Social Services had officially retreated from the initial position of proposed disclosure in the case of the plaintiffs here as well as all those in com-

parable situations. That position was made clear in the stipulation order of Judge Motley. The removal of any threat of disclosure was further attested in the signed stipulations of defendants reviewed by Judges Croake and Bonsal.[1] The question of the propriety of obtaining consent of counsel rather than that of the welfare recipient was disposed of in Judge Croake's memorandum where he commented that it hardly approached constitutional dimensions since it only concerned the proper role of counsel in a class action. That the position of both agencies remains the same was reannounced by counsel on the argument of this appeal. There is no claim here and no indication that this understanding has in any manner been breached, or that any further or additional threat has been made. Moreover, on appeal counsel for appellants has stated that none of the plaintiffs is any longer housed in a "welfare hotel" so that there is no longer any possibility of disclosure, real or threatened. The case is therefore completely moot.[2] Not only do we have no plaintiffs in a position to urge an invasion of constitutional rights, we have defendants, representatives of responsible agencies, repeatedly disclaiming any intention of so doing. We prefer not to indulge in the luxury of deciding hypothetical questions and in fact we are constitutionally prohibited from engaging in such a fanciful undertaking.[3]

In the absence of a "case or controversy" a federal court has no jurisdiction of the subject matter. U.S. Constitution Art. III § 2.

"No federal court, whether this Court or a district court, has 'jurisdiction to pronounce any statute, either of a State or the United States, void, because irreconcilable with the Constitution, *except as it is called upon to adjudge the legal rights of litigants in actual controversy.*' Liverpool, N.Y. & P.S.S. Co. v. Commissioners [of Emigration], 113 U.S. 33, 39 [5 S.Ct. 352, 355, 28 L.Ed. 899] (1885)." Golden v. Zwickler, 394 U.S. 103, 110, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1968) (emphasis in original).

Kerrigan v. Boucher, 450 F.2d 487 (2d Cir. 1971).

■■ While it is true that when an action becomes moot on appeal, the reviewing court may take jurisdiction where the issues are capable of repetition and yet evade review (see Perrucci v. Gaffey, 450 F.2d 356, 357 (2d Cir. 1971)), this case does not fall within that category. Even assuming that the case was not moot when the motions were made below, there is nothing to indicate that the Departments have threatened to violate the stipulations we have referred to, and of course the plaintiffs no longer have any legally protectible interest to assert.[4]

In this disposition of the matter we need not reach the questions of the convening of a three judge court or the declaration of a class action.

Appeal dismissed.

---

1. Judge Bonsal's order of October 21, 1971 was made "upon the proffered stipulations of the defendants submitted on the 1st day of June, 1971."

2. The claim that the New York statute violates the regulations of the Health, Education & Welfare Department is of course mooted by the same factors which vitiated the justiciability of the constitutional attack.

3. Although we do not reach the merits we note in passing that the New York City Housing Authority, the sole intended recipient of the confidential files, is bound to confidence by state law (Pub. Housing Law § 159) which prohibits public disclosure. This seems to be in conformity with 45 C.F.R. § 205.50(a) (2) (ii). We mention this only to further illustrate the unrealistic aura of the action and particularly this appeal.

4. We are not overlooking the failure of defendants to promulgate a rule proposed by counsel for the plaintiffs who no longer are tenants in the welfare hotels. We cannot assume that the failure of public agencies to accept counsels' draft is attributable to a change of position in view of their persistent adherence to the principle of non-disclosure without consent for more than a year.