**Sherman H. SKOLNICK, Plaintiff-Appellant,**

v.

**BOARD OF COMMISSIONERS OF COOK COUNTY, Board of Election Commissioners of Chicago, County Clerk of Cook County, and Otto Kerner, Governor of the State of Illinois, Defendants-Appellees.**

**No. 16784.**

United States Court of Appeals, Seventh Circuit.

Nov. 5, 1970.

Sherman H. Skolnick, Chicago, Ill., for plaintiff-appellant.

Edward V. Hanrahan, Thomas E. Brannigan, Chicago, Ill., William J. Scott, Atty. Gen., Herman R. Tavins, Asst. Atty. Gen., Chicago, Ill., Stanley Kusper, Jr., Chicago, Ill., for defendants-appellees; Francis T. Crowe, Asst. Atty. Gen., of counsel.

Before SWYGERT, Chief Judge, and FAIRCHILD and PELL, Circuit Judges.

SWYGERT, Chief Judge.

This is a purported class action seeking declaratory and injunctive relief brought pursuant to 28 U.S.C. §§ 1343 (3), 2201 and 2202 and 42 U.S.C. §§ 1983 and 1988. Plaintiffs [1] originally filed their complaint on August 26, 1966. The plaintiffs alleged that they were residents of Chicago and Cook County, Illinois, and that they brought this action on behalf of themselves and "on behalf of all other voters, persons, citizens, residents and taxpayers similarly situated." In brief, plaintiffs' theory is that their votes for members of the Cook County Board of Commissioners (the "County Board") are being unconstitutionally debased and diluted in violation of the "one man-one vote" principle [2] in that, while Chicago residents constitute 69.-22% of the population of Cook County according to the 1960 federal census fig-

---

1. The original complaint herein named two plaintiffs, Skolnick and Hettleman, both of whom reside in Chicago. Plaintiff Skolnick has asserted that Hettleman is no longer a party to this action, presumably because Hettleman did not join in the appeal to the Supreme Court. We mention this only because the residence of the plaintiffs is a jurisdictional fact dispositive of this matter as is set forth in detail, *infra*, and we wish to make clear that whether Hettleman remains a party or not has no effect since he also resides in Chicago.

2. E. g., Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).

ures, Chicagoans are entitled to participate in the election of only 66.67% of the members of the board pursuant to the provisions of Ill.Const. art. 10, § 7, S.H.A.[3]

Upon the request of plaintiffs, a three-judge district court was convened pursuant to 28 U.S.C. §§ 2281 and 2284 to determine the cause. The three-judge court granted defendants' motion to dismiss the complaint for failure to state a claim upon which relief could be granted. Plaintiff Skolnick thereupon appealed directly to the Supreme Court of the United States pursuant to 28 U.S.C. § 2253, resulting in a per curiam order vacating the judgment of the district court and remanding the cause for the entry of "a fresh decree."[4] The Court cited Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed. 643 (1967), in its order, indicating thereby that the impaneling of a three-judge district court was improper for the consideration of a state statute having less than statewide applicability. Upon remand, District Judge Will, sitting alone, dismissed the complaint for failure to state a claim upon which relief could be granted. We affirm dismissal of the cause on a ground not cited by the district court. We hold that the plaintiffs do not have standing to assert the deprivations of which they complain, and, accordingly, the district court did not have subject matter jurisdiction of the claims asserted.

From the time the instant suit was begun by the filing of the complaint until early October, 1970, the most reliable population statistics available to the par-

ties and to the courts were the 1960 federal census tabulations. In October, however, the Bureau of the Census published preliminary official population figures for counties and cities of Illinois based on the 1970 decennial census already conducted. According to this most recent federal census report, the total population of Cook County is 5,427,237 persons[5], of which 3,322,855[6] or 61.23% reside in Chicago.

■ One federal district court has observed that it had "the authority and the duty to take judicial knowledge of census facts" where such statistical facts were relevant to the cause before it.[7] Other federal courts frequently have judicially noticed federal census data.[8] We therefore take judicial notice that the most recent and accurate federal census figures available indicate that 61.23% of the population of Cook County resides within the City of Chicago.

■ Applying these facts to the instant cause, it is apparent that the plaintiffs lack standing to seek vindication of the rights they assert. Plaintiffs reside in Chicago where 61.23% of the population of Cook County resides, but the class of voters they seek to represent presently elects 66.67% of the membership of the County Board. Obviously, plaintiffs are not harmed by the alleged malapportionment which is the crux of this action. Indeed, they benefit thereby.

The Supreme Court restated the standing doctrine in Baker v. Carr, 369

3. Ill.Const. art. 10, § 7 provides:
The county affairs of Cook county shall be managed by a board of commissioners of fifteen persons, ten of whom shall be elected from the city of Chicago, and five from towns outside of said city, in such manner as may be provided by law.

4. Skolnick v. Board of Com'rs, 389 U.S. 26, 88 S.Ct. 183, 19 L.Ed.2d 30 (1967).

5. U. S. Bureau of the Census, Dep't of Commerce, 1970 Census of Population Preliminary Report—Illinois 2, Table 1 (Oct. 1970).

6. *Id.* at 3, Table 2.

7. 600 Cal. Corp. v. Harjean Co., 284 F. Supp. 843, 854 (N.D.Tex.1968).

8. E. g., Granville-Smith v. Granville-Smith, 349 U.S. 1, 75 S.Ct. 553, 99 L.Ed. 773 (1955); Grills v. Branigin, 284 F.Supp. 176 (S.D.Ind.), aff'd mem., sub nom. Branigin v. Duddleston, 391 U.S. 364, 88 S.Ct. 1666, 20 L.Ed.2d 641 (1968); Baker v. Clement, 247 F.Supp. 886 (M.D. Tenn.1965); Daniel v. Davis, 220 F. Supp. 601 (E.D.La.1963).

**364**

U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962):

> A federal court cannot "pronounce any statute, either of a State or of the United States, void, because irreconciable with the Constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies." Liverpool, N. Y. & P. Steamship Co. v. Commissioners of Emigration, 113 U.S. 33, 39, [5 S.Ct. 352, 355, 28 L.Ed. 899]. Have the appellants alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions? This is the gist of the question of standing.[9]

The composition prescribed for the County Board is unusual in that the county is divided into two multi-member districts and the voters of the larger district, the city, elect two thirds of the commissioners. Plaintiffs' challenge is limited to the claim that the number of representatives elected by each district should be proportioned to the population of each district. They make no claim that the two-district composition of the County Board has any other constitutional infirmity.

It is apparent that neither plaintiffs nor the Chicago residents they seek to represent suffer injury (now, in 1970) by reason of the fact that the number of commissioners is not required to be apportioned between the two districts by population. Thus they have no "personal stake in the outcome of the controversy". Indeed residents in the outside-of-city district, rather than those in the city district, appear now to be proportionally underrepresented. Plaintiffs thus lack standing to prosecute the particular claim they have made in this action.

 Moreover, lack of standing is a fatal jurisdictional defect here because of the "case or controversy" limitation of Article III, Section 2 of the Constitution.[10] Lack of subject matter jurisdiction is cause for dismissal whenever noted pursuant to Rule 12(h) (3), Fed. R.Civ.P., and, accordingly, we affirm the district court's dismissal of this cause for the reasons herein stated.

---

9. 369 U.S. 204, 82 S.Ct. 691, 703; *accord,* Flast v. Cohen, 392 U.S. 83, 99–100, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

10. Flast v. Cohen, 392 U.S. 83, 100–101, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); Baker v. Carr, 369 U.S. 186, 198, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).