| | MONEY DAMAGES | INJUNCTIVE/DECLARATORY | ATTORNEY FEES |
|---|---|---|---|
| LEGISLATIVE | ABSOLUTE IMMUNITY<br>*Tenney v. Brandhove*, 341 U.S. 367 (1951). | ABSOLUTE IMMUNITY<br>*Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491 (1975). | ABSOLUTE IMMUNITY<br>*Supreme Court of Virginia v. Consumer Union*, 446 U.S. 719 (1980). |
| JUDICIAL | ABSOLUTE IMMUNITY<br>*Bradley v. Fisher*, 13 Wall. 335 (1872).<br>*Pierson v. Ray*, 386 U.S. 547 (1967).<br>*Stump v. Sparkman*, 435 U.S. 349 (1978). | UNCLEAR<br>*Consumers Union*, supra, suggests the Court favors exposure. See fn. 14 of *Consumers Union*. | UNCLEAR<br>*Consumers Union*, supra, approves fees in dicta for executive acts. *Pulliam v. Allen* should decide fee question for judicial acts. |
| EXECUTIVE | UNCLEAR<br>The logic of the functional analysis would suggest damages liability for executive wrongs. However, *Nixon v. Fitzgerald*, 102 S.Ct. 2690 (1982), may signal a more flexible approach preserving immunity. | EXPOSURE<br>*Consumers Union*, supra, approves prospective relief against a Court's "enforcement" conduct. | EXPOSURE<br>*Consumers Union*, supra, expressly approves, although only in dicta, fee liability for "enforcement" wrongs. |

**MINORITY EMPLOYEES OF the TENNESSEE DEPARTMENT OF EMPLOYMENT SECURITY, INC., et al.**

v.

**STATE OF TENNESSEE, DEPARTMENT OF EMPLOYMENT SECURITY.**

No. 81–3114.

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 4, 1983.

See also, 573 F.Supp. 1350.

Avon Williams, Richard Dinkins, Nashville, Tenn., for plaintiffs.

Michael E. Terry, Deputy Atty. Gen., Michael D. Pearigen, Asst. Atty. Gen., Nashville, Tenn., for defendant.

## MEMORANDUM

WISEMAN, District Judge.

This matter is before the Court upon motion to dismiss the plaintiff, Minority Employees of the Tennessee Department of Employment Security, Inc. [METDESI] for lack of standing insofar as it has sought the remedy of damages. METDESI filed suit along with three individual plaintiffs alleging that the defendant, Tennessee Department of Employment Security [TDES] engaged in acts and practices of discrimination against minority employees and applicants. The complaint was brought under Title VII, as well as Sections 1981, 1983,

and 1985, and sought declaratory and injunctive relief as well as money damages.

In its original complaint, METDESI made two allegations which it claims allege specific injury to the corporate plaintiff. In paragraph 20, it stated that its members include 78 employees statewide and that it had filed a complaint with the EEOC as a third-party complainant "whereby it sought to secure relief not only for its members but for all black employees and applicants for employment with TDES within the scope of [METDESI's] said declared purposes and functions...." In paragraph 21, METDESI stated that as a result of the challenged practices "plaintiffs and the class they represent have been and are being deprived of income in the form of monetary compensation, retirements, social security and other fringe benefits due them as employees and/or applicants for employment ...," and that "plaintiffs and the class they represent are now suffering and will continue to suffer irreparable injury as a result of said foregoing wrongs which are continuing." Although this language is framed in terms of a class action, the plaintiffs neglected to make a timely motion for class certification and their motion for extension of time in which to apply was denied by this Court on April 28, 1982.

■ In its answer, the defendants asserted, in their eighth defense, that MET-DESI was an improper party because a non-profit corporation has no civil rights. They subsequently moved to amend their answer to challenge METDESI's standing to seek monetary damages, claiming that the amendment reinforces their previous challenge to METDESI as an improper party. The plaintiffs assert that the challenge to their standing was waived because the defendants did not raise the issue in their answer. Standing, however, is a jurisdictional issue, and whenever lack of standing is discovered it is cause for dismissal. *Fairley v. Patterson*, 493 F.2d 598, 603 (5th Cir.1974); *Skolnick v. Board of Commissioners*, 435 F.2d 361, 363 (7th Cir. 1970). Accordingly, this challenge to standing is not precluded. See Fed.R. Civ.P. 12(h)(3).

■ Standing, an aspect of justiciability, is a blend of the constitutional requirement of a case or controversy and policy considerations. *Flast v. Cohen*, 392 U.S. 83, 97–98, 88 S.Ct. 1942, 1951–1952, 20 L.Ed.2d 947 (1968). The question of standing focuses on the party filing the complaint rather than the issue asserted, and focuses on whether the party alleges "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends...." *Id.* at 99, 88 S.Ct. at 1952 (quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)). Standing also requires that the "interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Association of Data Processing Service Organizations v. Camp*, 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970).

In *Warth v. Seldin*, 422 U.S. 490, 511, 95 S.Ct. 2197, 2211, 45 L.Ed.2d 343 (1975), the Supreme Court stated: "There is no question that an association may have standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy. Moreover, in attempting to secure relief from injury to itself the association may assert the rights of its members, at least so long as the challenged infractions adversely affect its members' associational ties." *Id.* (citing *NAACP v. Alabama*, 357 U.S. 449, 458, 78 S.Ct. 1163, 1169, 2 L.Ed.2d 1488 (1958)).

■ Injury to an organization may be established by a showing that the organization will suffer diminished financial support or membership. *See NAACP v. Alabama*, 357 U.S. 449, 459–60, 78 S.Ct. 1163, 1170–71, 2 L.Ed.2d 1488 (1958). Moreover, an organization could show that it has been injured because it is directly engaged in activities that are restricted by the challenged action. *NAACP v. Button*, 371

U.S. 415, 428, 83 S.Ct. 328, 335, 9 L.Ed.2d 405 (1963); *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 140, 71 S.Ct. 624, 632, 95 L.Ed. 817 (1951). When an organization alleges that it has been hindered by a defendant in its efforts to assist others to obtain constitutional or statutory rights and that it has had to devote significant resources to counteract a defendant's actions, it has alleged a sufficient injury to itself to establish standing. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379, 102 S.Ct. 1114, 1124, 71 L.Ed.2d 214 (1982).

 Although a party may not be denied standing merely because others are injured as well, *United States v. SCRAP*, 412 U.S. 669, 688, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973), a plaintiff is generally required to assert his own legal rights and interests, and not those of third parties *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). *See also Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 476 n. 14, 102 S.Ct. 752, 761 n. 14, 70 L.Ed.2d 700 (1982). Thus, an association may not bring an action for damages based on harms to particular members of the association unless the association also alleges monetary damages to itself or assignment of the damages claims of its members. *Warth v. Seldin*, 422 U.S. 490, 515, 95 S.Ct. 2197, 2213, 45 L.Ed.2d 343 (1975). In such cases of individual harm, the individual members claiming harm generally must be parties to the suit and the association has no standing to claim damages on their behalf. *Id.* at 516, 95 S.Ct. at 2214.

 The complaint of METDESI must be construed in the light most favorable to the plaintiffs, against whom the motion to dismiss is asserted. *See Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 111, 99 S.Ct. 1601, 1613, 60 L.Ed.2d 66 (1979). Nevertheless, the allegations in the complaint are clearly based on injuries to black employees and members of the union, not to the union itself. The complaint must be construed as one seeking relief for members of the organization. The organization has therefore brought this suit in its representative capacity, on behalf of its members.

 It is well established that an association may have standing to represent its members even in the absence of injury to itself. *Warth v. Seldin*, 422 U.S. 490, 511, 95 S.Ct. 2197, 2211, 45 L.Ed.2d 343 (1975). Such a suit must allege that members have suffered injury such that the members themselves could have brought suit and must state a claim that does not make individual participation of injured parties indispensable to a proper resolution of the case. *Id.* Additionally, the organization's standing "depends in substantial measure on the nature of the relief sought." *Id.* at 515, 95 S.Ct. 2197, 2213, 45 L.Ed.2d 343. Prospective relief, such as an injunction or a declaratory judgment, will ordinarily benefit the organization's members. Therefore, an organization generally has standing to represent its members in a suit for prospective relief. *Id.* "Indeed, in all cases in which we have expressly recognized standing in associations to represent their members, the relief sought has been of this kind." *Id.* (citations omitted).

 The plaintiffs clearly have standing insofar as their complaint seeks injunctive and declaratory relief. Indeed, their standing in this respect has not been challenged. METDESI's standing to sue for damages, however, is, under current legal standards, insufficient. The cases upon which the plaintiffs rely to establish their standing to collect damages involve situations where the organizations themselves claim injury. In *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 377, 102 S.Ct. 1114, 1123, 71 L.Ed.2d 214 (1982), the organization had standing sufficient to withstand a motion to dismiss based on allegations of injury to itself—the impaired ability to provide services. *See also Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 111, 99 S.Ct. 1601, 1613, 60 L.Ed.2d 66 (1979) (holding Village had standing to claim money damages based on its allegations that it was denied racial balance and

**1350**

stability). Because the present suit is brought in METDESI's representative capacity and is based on injuries to others without any allegation that it has been assigned claims, METDESI has no standing to claim damages. *Warth v. Seldin,* 422 U.S. 490, 515–16, 95 S.Ct. 2197, 2213–14, 45 L.Ed.2d 343 (1975). *See also International Woodworkers of America v. Georgia-Pacific Corp.,* 568 F.2d 64 (8th Cir.1977); *Local 194, Retail, Wholesale and Department Store Union v. Standard Brands, Inc.,* 540 F.2d 864 (7th Cir.1976).

The plaintiff, Rosetta Davis, who is also the President of METDESI, states in her affidavit that the original complaint filed with the EEOC was filed on behalf of 22 members of the corporate plaintiff. Davis stresses that the individuals were reluctant to file on their own behalf since they feared retaliation. She also states that the personnel practices in general were the object of their grievance, not the particular practices affecting the individual plaintiffs.

In *NAACP v. Alabama,* 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958), the Court allowed a corporate plaintiff to have standing in its representative capacity to vindicate the rights of its members. The Court stressed that the rights of persons not before the court "could not be effectively vindicated except through an appropriate representative." *Id.* at 459, 78 S.Ct. at 1170 (citations omitted). That language would seem to apply in this case, but *NAACP v. Alabama* involved a defense to a contempt citation for failure to produce membership lists, not a suit for money damages. As in that case, the corporate plaintiff has standing, in its representative capacity, to sue for injunctions and declaratory relief. The claim for damages by METDESI is dismissed.