**UNITED STATES of America,
Appellee,**

v.

**Audry Keith DECKER, Appellant.**

**No. 20630.**

United States Court of Appeals,
Eighth Circuit.

July 21, 1971.

Theodore Tenny, James Daleo, Kansas City, Mo., for appellant.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., Bert C. Hurn, U. S. Atty., for appellee.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

HEANEY, Circuit Judge.

Audry Keith Decker appeals from his conviction after a jury-waived trial in the United States District Court for the Western District of Missouri. The defendant was convicted on five counts for failure to make appropriate entries and to properly maintain records as required of a federally-licensed firearms dealer in violation of 18 U.S.C. §§ 922(m) and 923(g). He was convicted on additional counts of selling a pistol without receiving a sheriff's certificate as required by Missouri law in violation of 18 U.S.C. § 922(b) (2), and of selling a firearm to a person he believed to be an out-of-state resident in violation of 18 U.S.C. § 922(b) (3). Upon conviction, the defendant received concurrent five-year sentences on each count under the provisions of 18 U.S.C. § 4208(b).

On appeal, the defendant attacks his conviction on three grounds: (1) that the evidence was insufficient to support the convictions; (2) that the evidence proves the defense of entrapment; and (3) that the Gun Control Act of 1968 is unconstitutional.

The defendant's attack on the sufficiency of the evidence is frivolous. The prosecution's case included direct evidence that a government agent had explicitly advised the defendant about the need for and the proper method of keeping records; that on three subsequent occasions, involving two different government agents, the defendant sold a total of four firearms without obtaining any of the information necessary for making the proper records; that the defendant sold three of the weapons to someone he believed to be from outside the state; and that the defendant sold one of the firearms without a sheriff's certificate for the possession of a pistol as required by Missouri law. The government undercover agents who made the purchases also testified to a number of incriminating statements made by the defendant which indicated his willing and knowing intent to violate the law. Further, the defendant's records were seized pursuant to a search warrant and, while some partially completed forms and records were discovered, no records for the sales in question were found. The defense presented no evidence.

While it is difficult to imagine stronger or more convincing evidence, the defendant argues that the government's case rests upon the invalid presumption that all of the defendant's records were seized. The argument continues to the effect that the records may exist and that the defendant has no duty to produce them. The short answer to this contention is that the evidence clearly indicates that the defendant failed to obtain from the purchasers the information which would have enabled him to make the records required by the Act.

The entrapment defense is likewise without support in the record. The evidence indicates only that the government agents, one of whom used a false name and address, called the defendant regarding firearms advertised in the newspaper; immediately made appointments to visit the defendant; and after the visits, purchased the weapons. There is absolutely no evidence to indicate that the agents even suggested that the records not be made or refused to provide any information required for proper record keeping.

 Contrary to the defendant's assertion, it is clear beyond cavil that the use of government undercover agents to provide a willing buyer, without more, does not establish an entrapment defense. See, e. g., Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L. Ed. 413 (1932); Taylor v. United States, 390 F.2d 278 (8th Cir. 1968); Kibby v. United States, 372 F.2d 598 (8th Cir.), cert. denied, 387 U.S. 931, 87 S.Ct. 2055, 18 L.Ed.2d 993 (1967).

Finally, the defendant makes a broad attack on the constitutionality of the Gun Control Act of 1968. Comprising fourteen alleged violations of constitutional rights, the attack does not lack for scope or imagination; but the various constitutional contentions fail in the areas of timeliness, relevance and merit. Of the fourteen contentions presented to this Court, only the vagueness of the Act and the regulations promulgated thereunder was arguably raised in the District Court. Our Court has often held that we will not normally consider issues raised for the first time in our Court. See generally, Becton v. United States, 412 F.2d 1005 (8th Cir. 1969); Peterson v. United States, 405 F.2d 102 (8th Cir. 1968), cert. denied, 395 U.S. 938, 89 S.Ct. 2003, 23 L.Ed.2d 453 (1969); Syverson v. United States, 342 F.2d 780 (8th Cir. 1965), cert. denied, 382 U.S. 961, 86 S.Ct. 443, 15 L.Ed.2d 364 (1965).

However, we need not decide whether the defendant validly waived the constitutional issues now raised since we find that they are, almost without exception, irrelevant to the facts of the case before us. Guidelines for the lower courts in a situation such as this were set out in United States v. Raines, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960), wherein the Court stated:

" * * * This Court, as is the case with all federal courts, 'has no jurisdiction to pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies. In the exercise of that jurisdiction, it is bound by two rules, to which it has rigidly adhered: one, never to anticipate a question of constitutional law in advance of the necessity of deciding it; the other never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.' Liverpool, N. Y. & P. S. S. Co. v. Commissioners of Emigration, 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899, 901. Kindred to these rules is the rule that one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional. * * * "

*Id.* at 21, 80 S.Ct. at 522. See also cases cited therein.

Applying the rules set out in *Raines,* we are left with only two issues to consider: (1) whether the statute is unconstitutionally vague, and (2) whether the record keeping requirements infringe upon the Second Amendment right to bear arms. Neither of these contentions requires much discussion.

■ The vagueness standard was set out by the Supreme Court in United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1953):

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. * * * "

*Id.* at 617, 74 S.Ct. at 812.

Here, 18 U.S.C. §§ 921(a) (11), 922(m) and 923(g) clearly establish that the defendant was a "dealer" in firearms and, as such, was required to keep records. The nature and form of those records is clearly and understandably set in 26 CFR § 178.121, et seq. We can find no reasonable basis for finding the statutes and regulations involved in this case to be unconstitutionally vague. Indeed, the defendant's own brief was devoid of any specific instances of vagueness.

■ With respect to a possible infringement of Second Amendment rights, we need only look to the rationale of the Supreme Court in United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939):

"In the absence of any evidence tending to show that possession or use of * * * [the weapon] at this time

has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an instrument. \* \* \* "

*Id.* at 178, 59 S.Ct. at 818. See also, United States v. Synnes, 438 F.2d 764 (8th Cir. 1971). In our view, the record keeping requirements at issue here bear an even more tenuous relationship to the Second Amendment than did the statute involved in *Miller*. Thus, in light of the defendant's failure to present any evidence indicating a conflict between the requirements of §§ 922(m) and 923(g) and the maintenance of a well regulated militia, we decline to hold that the statute violates the Second Amendment.

The judgment of conviction is affirmed.