853 F.2d 395
 The STATE OF MICHIGAN, Plaintiff-Appellant,
v.
Edwin MEESE, Attorney General for the United States,
Defendant-Appellee,
and
Steve Asmar & Metro Institutional Food Services, Inc.,
Intervening Defendant- Appellee.
 No. 87-1719.
 United States Court of Appeals,
Sixth Circuit.
 July 6, 1988.
 
 Frank J. Kelley, Atty. Gen., State of Mich., Timothy A. Baughman, Chief of Criminal Div. Research, Training and Appeals, Detroit, Mich., for plaintiff-appellant.
 Lori Fields, Dept. of Justice, Civil Div., Washington, D.C., Patricia Blake, Asst. U.S. Atty., Detroit, Mich., for defendant-appellee.
 Lawrence Stockler, Southfield, Mich., for intervening defendant-appellee.
 Before JONES and RYAN, Circuit Judges, and GIBSON, District Judge.*
 PER CURIAM.
 
 
 1
 The State of Michigan brought this declaratory judgment action asking the district court to find that 18 U.S.C. Sec. 2515, which excludes from evidence, in all state criminal and civil trials, conversations which were recorded in violation of the federal wiretapping statutes, is beyond the scope of Congress' Commerce Clause power and therefore violative of the tenth amendment. The district court dismissed plaintiff's action. 666 F.Supp. 974. We affirm.
 
 
 2
 A Wayne County, Michigan grand jury issued subpoenas based on privately tape recorded telephone conversations anonymously given to state prosecutors. A Michigan state court quashed the subpoenas, holding that the evidence was obtained in violation of Title III of the Omnibus Crime Control Act and Safe Streets Act of 1968, 18 U.S.C. Sec. 2515. The state court's action ended the grand jury investigation.
 
 
 3
 On March 10, 1987, the State of Michigan filed suit in federal district court against the Attorney General of the United States, seeking a declaratory judgment that 18 U.S.C. Sec. 2515 was violative of the tenth amendment. Section 2515 states:
 
 
 4
 Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.
 
 
 5
 18 U.S.C. Sec. 2515.
 
 
 6
 The State of Michigan argued that Sec. 2515 required the suppression of evidence where the state was not a party because of Sec. 2511 which states in pertinent part:(1) Except as otherwise specifically provided in this chapter any person who--
 
 
 7
 (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;
 
 
 8
 (b) intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when--
 
 
 9
 (i) such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; or
 
 
 10
 ....
 
 
 11
 (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or
 
 
 12
 (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;
 
 
 13
 shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).
 
 
 14
 18 U.S.C. Sec. 2511. Plaintiff argued that requiring suppression of the evidence was beyond the Congress' Commerce Clause power, under which the Crime Control Act was passed.
 
 
 15
 The district court issued a show cause order as to ripeness. The parties agreed there was a case or controversy within article III of the Constitution. Thereafter, on cross-motions for summary judgment, the district court found that the exclusionary rule found in 18 U.S.C. Sec. 2515 was constitutional as an exercise of Congress' Commerce Clause power.
 
 
 16
 Although both parties agreed below that this case was ripe for adjudication, the United States Attorney General now argues that there is no "case or controversy" pursuant to article III of the Constitution and, therefore, this court lacks subject matter jurisdiction. The judicial power of the federal government is limited to that provided for by article III.
 
 
 17
 Article III of the Constitution limits the "judicial power" of the United States to the resolution of "cases" and "controversies." The constitutional power of federal courts cannot be defined, and indeed has no substance, without reference to the necessity "to adjudge the legal rights of litigants in actual controversies." Liverpool S.S. Co. v. Commissioners of Emigration, 113 U.S. 33, 39 [5 S.Ct. 352, 354, 28 L.Ed. 899] (1885). The requirements of Art III are not satisfied merely because a party requests a court of the United States to declare its legal rights, and has couched that request for forms of relief historically associated with courts of law in terms that have a familiar ring to those trained in the legal process. The judicial power of the United States defined by Art III is not an unconditioned authority to determine the constitutionality of legislative or executive acts. The power to declare the rights of individuals and to measure the authority of governments, this Court said 90 years ago, "is legitimate only in the last resort, and as a necessity in the determination of real, earnest and vital controversy." Chicago & Grand Trunk R. Co. v. Wellman, 143 U.S. 339, 345 [12 S.Ct. 400, 402, 36 L.Ed. 176] (1892).
 
 
 18
 Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982). If there is no case or controversy, this court lacks subject matter jurisdiction to hear this appeal even though the parties agreed below that the case was ripe for adjudication; agreement of the parties cannot establish subject matter jurisdiction. In re Rini, 782 F.2d 603, 609 n. 10 (6th Cir.1986).
 
 
 19
 The Supreme Court, discussing the limits of article III power, has stated:[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99 [99 S.Ct. 1601, 1608, 60 L.Ed.2d 66] (1979), and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision," Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 38, 41 [96 S.Ct. 1917, 1924, 1925, 48 L.Ed.2d 450] (1976).
 
 
 20
 Valley Forge Christian College, 454 U.S. at 472, 102 S.Ct. at 758. Thus, the plaintiff, in the instant case, must show that (1) it has suffered actual or threatened injury, which it clearly has through the quashing of the subpoenas, and (2) the injury was the result of an act of the defendant. "The court may not act to redress injury 'that results from the independent action of some third party not before the court.' " Toth v. United Auto. Aero. & Agr. Implement Workers, 743 F.2d 398, 404 (6th Cir.1984) (quoting Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976)). It is the second element which the plaintiff fails to satisfy.
 
 
 21
 Plaintiff's injury did not result from any action taken by the defendant, the Attorney General of the United States. Rather, it was the state trial court judge who quashed the subpoenas and enforced the federal statute, 18 U.S.C. Sec. 2515. The Attorney General has not threatened plaintiff with any penalty for attempting to use the taped conversations which are the subject of this litigation. Plaintiff's remedy is to appeal the state court's decision through the state court system.
 
 
 22
 Because defendant herein has not caused the injury suffered by the plaintiff, this court is without subject matter jurisdiction to hear this appeal. Although the district court dismissed the instant action on the merits, this court may affirm the district court for reasons other than those stated by the lower court. Russ' Kwik Car Wash v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985).
 
 
 23
 For the reasons stated above the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation