993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Daniel R. WILEY, Plaintiff-Appellant,
v.
SUPREME COURT, STATE OF COLORADO; Luis D. Rovira, Chief
Justice, Joseph R. Quinn, Justice, William H. Erickson,
Justice, George E. Lohr, Justice Howard M. Kirshbaum,
Justice, Anthony F. Vollack, Justice, Mary J. Mullarkey,
Justice, in their official capacities; Grievance Committee
of the Supreme Court of Colorado; David L. Wood, its Chair,
Vicki J. Braunagel, as Vice Chairperson, Michael E.
McLachlan, as Vice Chairperson, in their official
capacities, Defendants-Appellees.
 No. 92-1294.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1993.
 
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This case requires us to decide whether the district court correctly found itself without jurisdiction to hear plaintiff's complaint regarding the constitutionality of Colorado Rule of Civil Procedure 241.24(a), both as applied to him and in general. Because the district court lacked jurisdiction to hear plaintiff's challenge to the Rule as applied to him, and because plaintiff lacks standing to challenge the Rule as a general matter, we affirm the district court's dismissal of this case.
 
 
 3
 In 1987, plaintiff-appellant Daniel R. Wiley filed a grievance against a Colorado lawyer which resulted in the issuance of a private letter of admonition to the lawyer. The fact of the admonition is required to be kept confidential by Colo.R.Civ.P. 241.24(a) (the Rule).[1] Plaintiff later filed suit against a business entity of which the lawyer was president and, as required under the Rule, petitioned the Colorado Supreme Court for permission to disclose facts concerning the grievance proceeding at the trial. Plaintiff did not raise any constitutional challenge to the Rule at that time. The Colorado Supreme Court denied plaintiff's petition.
 
 
 4
 After plaintiff lost at trial, he appealed to the Colorado Court of Appeals, where he first raised the issue of the constitutionality of the Rule. Because of the presence of the constitutional issue, the court of appeals transferred the case to the Colorado Supreme Court pursuant to Colo.Rev.Stat. § 13-4-102(1)(b) (1987). That court dismissed plaintiff's constitutional claim with prejudice because he had failed to file a trial transcript as required by Colorado Appellate Rule 10(b). Plaintiff's remaining issues on appeal were remanded to the Colorado Court of Appeals. Plaintiff then filed this action in the United States District Court for the District of Colorado, naming the Colorado Supreme Court, that court's grievance committee, and the individual members of each body as defendants. His action under 42 U.S.C. § 1983 alleged that, as applied, the Rule deprived him of his rights under the First and Fourteenth Amendments. He also requested a declaratory judgment that the Rule is unconstitutional and an injunction against its enforcement.
 
 
 5
 The district court dismissed the case under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. In so doing, the court properly relied on District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In Feldman, the Court held that a federal court had no subject matter jurisdiction to review a state court's denial of the petitioners' individual applications for waiver from state bar admission rules. Id. at 482. "[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." Id. Because part of plaintiff's complaint here alleged error in the way Rule 241.24(a) was applied in his case, the district court was correct to conclude that it lacked jurisdiction.
 
 
 6
 The second part of Feldman, however, provided that, to the extent petitioners had mounted a general challenge to the constitutionality of the bar rules, jurisdiction in the federal court would lie. Id. at 482-83. That is so because such challenges
 
 
 7
 do not necessarily require a United States district court to review a final state-court judgment in a judicial proceeding. Instead, the district court may simply be asked to assess the validity of a rule promulgated in a nonjudicial proceeding. If this is the case, the district court is not reviewing a state-court judicial decision.
 
 
 8
 Id. at 486.
 
 
 9
 In Facio v. Jones, 929 F.2d 541 (10th Cir.1991), this court addressed a situation remarkably similar to plaintiff's. In Facio, the plaintiff had filed a motion in Utah state court to set aside a default judgment. The state court judge denied the motion because the plaintiff had not presented proof of a meritorious defense as required under Utah law. The plaintiff then filed a § 1983 action in federal court alleging deprivation of his Fourteenth Amendment rights. The district court found the Utah procedural requirement to be unconstitutional and set aside the default judgment. This court reversed.
 
 
 10
 Citing Feldman, this court in Facio held that the district court had no jurisdiction to set aside the default judgment because federal district courts lack jurisdiction to reverse a state court judgment. Id. at 543. The plaintiff, however, had also requested a declaratory judgment holding the Utah default procedure unconstitutional. The court found jurisdiction to be lacking over this claim as well because Feldman had also "prohibited ... federal courts from issuing any declaratory relief that is 'inextricably intertwined' with the state court judgment." Id. (quoting Feldman, 460 U.S. at 483-84 n. 16). The court explained that the plaintiff's request for declaratory relief was inextricably intertwined with his request to vacate the default judgment. Id.
 
 
 11
 [T]he two forms of relief are so intertwined, in fact, that if [plaintiff] is not able to set aside the default judgment against him, he would lack standing to assert his second claim, which is the request that the federal court declare Utah's default judgment procedures unconstitutional. Unless [plaintiff's] default judgment is upset, his only interest in Utah's default judgment procedures is prospective and hypothetical in nature. He cannot establish a sufficient interest in the future application of those procedures to him to establish a constitutional case or controversy.
 
 
 12
 Id. Because the plaintiff had not "demonstrated any real chance of being subjected in the future to Utah's procedures for reversing default judgments," id. at 544, he lacked the standing necessary to confer jurisdiction on the district court. Id. at 545.
 
 
 13
 Plaintiff's complaint here suffers from the same defect. Unless the Colorado Supreme Court's dismissal of his claim is upset, he has only a hypothetical interest in seeing Rule 241.24(a) declared unconstitutional. Like Mr. Facio, plaintiff has not demonstrated any real chance of being involved in the future with an attorney discipline proceeding in Colorado and the attendant confidentiality provisions. A plaintiff "cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." Id. at 544. Without this showing, the court had no jurisdiction to hear plaintiff's general challenge to the Rule's constitutionality because plaintiff did not have the requisite standing. "[T]he federal courts have 'no jurisdiction to pronounce any statute, either of a State or of the United States, void, because irreconcilable with the Constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies.' " Id. at 545 (quoting Liverpool, N.Y. & Phila. S.S. Co. v. Commissioners of Emigration, 113 U.S. 33 (1885)).
 
 
 14
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Rule 241.24(a) in effect at the relevant time provided in pertinent part:
 Upon final determination of any proceedings conducted pursuant to these Rules, notice of the disposition of the matter shall be given by the Clerk of the Supreme Court to the lawyer, the complainant, their counsel of record and the Committee Counsel. Any person having received notice that an admonition or private censure has been imposed shall treat such information as confidential and shall not divulge such information to anyone, except by order of the Supreme Court. Any person, other than the Committee, Committee Counsel or Disciplinary Counsel as specified in C.R.C.P. 241.24(b), who wishes to disclose the pendency, subject matter, and status of proceedings conducted pursuant to these rules shall file a petition setting forth the reasons why the disclosure should be permitted with the Supreme Court. Any person who violates this provision may be subject to punishment for contempt of the Supreme Court.