TALLMAN, Circuit Judge,
Dissenting.
I respectfully dissent from entry of the Order for Supplemental Briefing because my fellow panel judges, acting sua sponte, persist in reaching out to test the constitutionality of a fifty-year-old statute giving a parsonage exclusion from gross income to clerics of recognized religious organizations who either live in church-provided housing or receive an allowance from their church to apply toward their housing needs. The parties to this appeal have not questioned the constitutionality of the tax exclusion enacted by Congress and each party has advised the Court that they do not wish to do so. Inflating this case to constitutional stature is wholly unnecessary to resolve the narrow issue of statutory construction presented to us for decision. I believe it injudicious to appoint an amicus curiae to attack the constitutionality of the parsonage income tax exclusion when no one but the other panel judges improvidently wish to reach that issue.
The narrow issue properly before us is whether, under Internal Revenue Code § 107(2), 26 U.S.C. § 107(2), Rev. and Mrs. Richard Warren may claim an unlimited parsonage housing allowarice exclusion based on actual expenditures from Rev. Warren’s gross income as a Baptist minister. The Commissioner of Internal Revenue asserts that such an allowance is limited to the fair market rental value of his parsonage. Instead of confining themselves to the issue presented, the other panel members now construct a constitutional question that was not at issue before the Tax Court; is not raised by either party on appeal; and which is not necessary to a just resolution of the simple issue of statutory interpretation presented to us.
The constitutional question the other panel judges want to decide is whether I.R.C. § 107(2) is facially unconstitutional because it provides an exclusion from gross income otherwise taxable to members of the clergy in violation of the Establishment Clause. We previously asked the parties to discuss, at oral argument, why we should not consider the constitutionality of § 107(2) in light of Texas Monthly, Inc. v. Bullock, 489 U.S. 1, 109 S.Ct. 890, 103 L.Ed.2d 1 (1989). The United States Supreme Court held in Texas Monthly that a sales tax exemption provided by a Texas statute for religious periodicals violated the Establishment Clause.
At oral argument the parties clearly stated that they did not raise this issue in the Tax Court; they are not challenging the constitutionality of the statute in this Court; they do not wish to make a consti *1124 tutional challenge; and they believe the parsonage exclusion is constitutional. Nonetheless, my colleagues persist in directing the filing of supplemental briefing on this newly minted issue. To that end, they invite yet another member of the bar of this Court to file an amicus brief to make the argument that the statute is unconstitutional, because no party to the litigation intends to make it.
The parties have not called upon us to resolve whether § 107(2) violates the Establishment Clause. It is not within a federal court’s “jurisdiction to pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies.” Liverpool, N.Y. & P.S.S. Co. v. Comm’rs of Emigration, 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899 (1885). It is therefore completely unnecessary and improper for us to decide this issue in this case.
Our Court would be better advised in this matter to follow Justice Frankfurter’s wise counsel:
It is not easy to stand aloof and allow want of wisdom to prevail, to disregard one’s own strongly held view of what is wise in the conduct of affairs. But it is not the business of this Court to pronounce policy. It must observe a fastidious regard for limitations on its own power, and this precludes the Court’s giving effect to its own notions of what is wise or politic. That self-restraint is of the essence in the observance of the judicial oath, for the Constitution has not authorized the judges to sit in judgment on the wisdom of what Congress and the Executive Branch do.
Trop v. Dulles, 356 U.S. 86, 120, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958) (Frankfurter, J., dissenting).
This principle finds its roots in ample judicial precedent. See, e.g., Burton v. United States, 196 U.S. 283, 295, 25 S.Ct. 243, 49 L.Ed. 482 (1905) 3531 (“It is not the habit of the Court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.”); Spector Motor Serv., Inc. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 89 L.Ed. 101 (1944) (“If there is one doctrine more firmly rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable.”). This doctrine of judicial parsimony, which my colleagues hasten to ignore, advises us to “abstain from deciding fundamental constitutional questions prematurely.” Jones v. Bates, 127 F.3d 839, 856 (9th Cir.1997) (Reinhardt, J.) (subsequent history omitted); Ciraolo v. Madigan, 443 F.2d 314, 321 (9th Cir.1971) (Browning, J.) (this Circuit adheres to “the rule against unnecessarily deciding constitutional questions”). In short, I do not understand why my colleagues disdain in this case to follow their own sensible and enduring precedent respecting the “fundamental and long-standing principle of judicial restraint [and] avoid reaching constitutional questions in advance of the necessity of deciding them.” Lyng v. Northwest Indian Cemetery Protective Ass’n, 485 U.S. 439, 445, 108 S.Ct. 1319, 99 L.Ed.2d 534 (1988).
Because the constitutional issue was not raised in the Tax Court, nor briefed or argued by the parties on appeal, and because it is unnecessarily and improvidently raised by my colleagues sua sponte, I respectfully dissent from the order directing supplemental and court-appointed amicus briefing. This case can easily be decided without reaching the constitutionality of the statutory exclusion.