GOODWIN, Chief District Judge,
concurring in part and dissenting in part:
I join the majority in affirming the district court’s ruling on the ICCTA issue, but respectfully disagree with its decision to vacate the district court’s rulings on the HMTA and FRSA issues. Rather than vacating those rulings, I would affirm the district court’s judgment on the ICCTA issue, dismiss the City’s appeal of the court’s HMTA ruling, and dismiss Norfolk Southern’s cross-appeal of the FRSA ruling.
By their appeals, the parties ask us to address the district court’s rulings on whether the Ordinance is preempted by HMTA and FRSA. I agree with the majority that we should decline this invitation, because our decision on the ICCTA issue effectively moots the HMTA and FRSA issues. See Air Line Pilots Assn., Int’l v. *163 UAL Corp., 897 F.2d 1394, 1396-97 (7th Cir.1990).
Nevertheless, the HMTA and FRSA issues are not “moot” in the traditional, Article III sense of that word. That is, we continue to possess jurisdiction to review them, but may decline to do so out of prudential concerns. As the Seventh Circuit has explained, there is both a conceptual and a practical reason for this: “The conceptual reason is that it is cases rather than reasons that become moot. Whether a court gives one or ten grounds for its result is not a question to which Article III prescribes an answer. The practical reason is that the alternative grounds are ripe for decision and deciding them may help a higher or a subsequent court.” Id. (citing United States v. Leon, 468 U.S. 897, 924-25, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3533 (2d ed.1984)).
Therefore, while we could decide these issues within the confines of Article III, doing so in this case would be inappropriate. As the majority points out, federal courts have long adhered to the constitutional avoidance doctrine. See Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandéis, J., concurring) (“The Court will not ‘formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.’ ” (quoting Liverpool, N.Y. & Phila. Steamship Co. v. Emigration Comm’rs, 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899 (1885))). This admonition is particularly apt in the preemption context, where federalism issues are at the forefront.
But the majority takes the unnecessary step of vacating the HMTA and FRSA aspects of the district court decision — what the Supreme Court has termed an “extraordinary remedy.” U.S. Bancorp Mortgage Co. v. Bonner Mall P’ship, 513 U.S. 18, 26, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). The majority bases its decision to vacate on its belief that “[t]he customary practice when a case is rendered moot on appeal is to vacate the moot aspects of the lower court’s judgment.” Ante at 161 (citing Alvarez v. Smith, — U.S. -, 130 S.Ct. 576, 581, — L.Ed.2d - (2009), and Mellen v. Bunting, 327 F.3d 355, 364 (4th Cir.2003)). Upon closer inspection, however, the cases relied upon by the majority are materially distinguishable from this case.
In both Alvarez and Méllen, the issues on appeal became moot before they were presented to the appellate court. For instance, in Alvarez the petitioner sued state officials for unlawfully seizing his property. After the court of appeals rendered a judgment, but before oral argument in the Supreme Court, the state returned the petitioner’s property. Because this left no Article III case or controversy, the Court held that it lacked jurisdiction over the dispute, vacated the lower-court decision, and remanded with instructions to dismiss. Alvarez, 130 S.Ct. at 583. And in Mellen, cadets at the Virginia Military Institute sought declaratory and injunctive relief against the VMI superintendent for violating their religious freedoms. After the district court judgment, but before the case was argued on appeal, the plaintiff-cadets graduated. Judge King explained that “[i]f a claim becomes moot after the entry of a district court’s final judgment and prior to the completion of appellate review, we generally vacate the judgment and remand for dismissal.” Mellen, 327 F.3d at 364. Thus, the panel vacated the district court judgment and dismissed the case.
In those situations, I agree that vacatur was appropriate. Something happened factually — prior to an appellate decision— *164 that mooted the issues on appeal, depriving the appellate court of Article III jurisdiction. Because the cases became moot before they could be reviewed on appeal, the lower-court judgment was essentially unreviewable.
Here, however, it is our decision on the ICCTA issue, rather than any underlying change in the facts, that has “mooted” the HMTA and FRSA issues. Unlike the moot issues in Alvarez and Mellen, those issues are not insulated from appellate review because of a lack of federal jurisdiction. Rather, for prudential reasons, we are declining to address them.
A similar situation was presented in United States v. Manning, 527 F.3d 828 (9th Cir.2008). In that case, the United States challenged a Washington state environmental statute. The district court invalidated the state statute on several grounds. The district court ruled that it was preempted by federal law, and that it contravened federal sovereign immunity, the Commerce Clause, and the Contract Clause. The State of Washington appealed each of these rulings. The court of appeals affirmed the district court’s decision on the preemption issue. Having identified one ground on which to affirm the district court’s judgment, the court declined to address the State’s other challenges. In a footnote, the court explained, “Because the CPA is invalid under the Supremacy Clause, we do not need to reach the additional constitutional challenges. Although we do not reach the issue of sovereign immunity or the challenges under the Commerce Clause and the Contract Clause, we decline to vacate those portions of the district court’s order as the State requests. Rather, we simply express no view on issues unnecessary to this opinion.” Manning, 527 F.3d at 837 n. 8.
I would follow Manning's lead in this case. We have chosen not to address the district court’s HMTA and FRSA rulings out of prudential concerns. Because we have chosen not to address those issues, the only point of law from the district court opinion with any preclusive effect is its ICCTA ruling. See Restatement (Second) of Judgments § 27 cmt. 0 (1982) (“If the judgment of the [trial] court ... was based on a determination of two issues, either of which standing independently would be sufficient to support the result, and .... the appellate court upholds one of these determinations as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive as to the first determination.”). By expressing no view on the propriety of the district court’s rulings on those issues, and instead affirming the district court on the ICCTA issue alone, only the ICCTA issue has continued viability. The extraordinary remedy of vacatur is therefore unnecessary in this case.