ALD-154                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4445
_____

JOHN HAWK-BEY,
                                        Appellant
v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-11-cv-06297)
District Judge: C. Darnell Jones, III
_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 12, 2012
Before:  SLOVITER, FISHER  and WEIS, Circuit Judges

(Opinion filed: April 20, 2012)
_____

OPINION
_____

PER CURIAM.

        Appellant John Hawk-Bey filed a civil action in the United States District

Court for the Eastern District of Pennsylvania against the United States of

America.  Hawk-Bey alleged that the federal district court had jurisdiction,

pursuant to the Emancipation Proclamation of 1862 and the Fifth Amendment, to hear his complaint that President Obama, Attorney General Eric Holder, and Treasury Secretary Timothy Geithner had denied "the effort he was making for his actual freedom through his Job Creation and Restoration Plan . . . and through his Emergency Colonization Request . . . and through his Tax Exempt Request." Hawk-Bey requested "$41 billion in tax free monetary compensation." The Government moved to dismiss the complaint, and, in an order entered on November 15, 2011, the District Court granted the motion as unopposed. In the margin, the court also determined that the complaint failed to comply with Fed. R. Civ. Pro. 8(a)(2) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and that the allegations in the complaint concerned only nonjusticiable political questions.

Hawk-Bey appeals. We have jurisdiction under 28 U.S.C. § 1291. After Hawk-Bey filed his informal brief, the Government moved to summarily affirm the order of District Court dismissing Hawk-Bey's complaint. We have considered Hawk-Bey's informal brief and his response in opposition to the Government's motion to summarily affirm.

We will grant the Government's motion and summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We exercise plenary review over Rule 12(b)(1)

2

and (6) dismissals. See In re: Kaiser Group International Inc., 399 F.3d 558, 560 (3d Cir. 2005) (Rule 12(b)(1)); Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001) (Rule 12(b)(6)). We "are free" to affirm the judgment "on any basis which finds support in the record." Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).

According to items he submitted in the District Court and again on appeal, Hawk-Bey wrote to President Obama with his idea for injecting $9 billion into the economy by paying that same amount of money to the descendants of Africans who were held as slaves in the nineteenth century. In addition, he noted his consent, given to President Obama and Attorney General Holder, to be "colonized," as discussed in the Emancipation Proclamation, which has yet to be executed in accordance with his wishes, and he noted his request for tax exempt status under the Emancipation Proclamation. We conclude that, to the extent that Hawk-Bey refers to President Obama, reparations, and the Job Creation and Restoration Plan, to Attorney General Holder and an Emergency Colonization Request, and to Secretary Geithner and a Tax Exemption Request, his complaint presents political questions which the federal courts do not address.

Under Article III, § 2 of the United States Constitution, a federal court cannot adjudicate a constitutional matter except "as it is called upon to adjudge the legal rights of litigants in actual controversies." See Baker v. Carr, 369 U.S. 186,

3

204 (1962) (quoting <u>Liverpool Steamship Co. v. Commissioners of Emigration</u>, 113 U.S. 33, 39 (1885)).  The Constitution recognizes a separation of powers with respect to the three branches of government such that political questions are not justifiable.  The Supreme Court has explained that:

> [I]t is the relationship between the judiciary and the coordinate branches of the Federal Government, ... which gives rise to the "political question."  We have said that in determining whether a question falls within the political question category, the appropriateness under our system of government of attributing finality to the action of the political departments and also the lack of satisfying criteria for a judicial determination are dominant considerations.  The nonjusticiability of a political question is primarily a function of the separation of powers.

369 U.S. at 210 (internal quotation marks, parentheses, and citation omitted).

Accordingly, Hawk-Bey lacks standing to bring his claims because the matters he raises have "in any measure been committed by the Constitution to another branch of government."  <u>Id.</u> at 211.  To the extent that his complaint does not present only political questions, the District Court properly dismissed it under Rule 8(a)(2) because Hawk-Bey failed to comply with the requirement of "a short and plain statement . . . showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2).

For the foregoing reasons, we will summarily affirm the order of the District Court, dismissing the complaint.  Appellant's motion to suspend court rules, etc. is denied.

4