**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3579
_____

DR. GEORGE PIECZENIK,
                                        Appellant

v.

COMMISSIONER NEW JERSEY DEPARTMENT OF
ENVIRONMENTAL PROTECTION;
SECTION CHIEF OF THE BUREAU OF COASTAL LAND
USE COMPLIANCE AND ENFORCEMENT;
JOHN DOE, persons who are employees and
enforcement officers of the New Jersey Department
of Environmental Protection; MARY DOE, persons
who are employees and enforcement officers of the
New Jersey Department of Environmental Protection
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:15-cv-07484)
District Judge:  Honorable Freda L. Wolfson[*]
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2017
Before:  JORDAN, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed:  November 2, 2017)
_____

OPINION[**]

_____

[*] Judge Wolfson entered the order challenged in this appeal.  Subsequently, she recused from the matter.  Honorable Brian R. Martinotti now sits as the District Judge for this case.

_____

PER CURIAM

George Pieczenik, a leaseholder of a property subject to mowing and maintenance restrictions on areas classified as freshwater wetlands or wetlands transition areas, filed suit against the Commissioner of the New Jersey Department of Environmental Protection ("NJDEP Commissioner"), the Section Chief of the Bureau of Coastal Land Use Compliance ("the Section Chief"), and NJDEP enforcement officers. The mowing and maintenance restrictions were imposed in an administrative consent order ("ACO") entered into by the property's owner and NJDEP. Pieczenik alleged that the restrictions require him to hire a lawn service that can use GPS to identify the spatial coordinates corresponding to protected wetlands areas. He sought a declaration that the ACO was void on its face as applied to him and an order enjoining its enforcement against him without a proper hearing or payment of just compensation for a purported taking. The defendants moved to dismiss the complaint under Rule 12(b)(1) for Pieczenik's lack of standing.

The District Court granted the defendants' motion. The District Court held that Pieczenik had no standing to challenge the ACO because all agreed that he was not a party to it and because the defendants expressly disavowed that any enforcement action

---

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

would be taken against Pieczenik based on the provisions of the ACO.[1] Specifically, in regard to the latter, the defendants stated that they did not intend and never intended to hold Pieczenik liable under the ACO. However, the defendants did not disavow a statement made in a letter to Pieczenik, namely that NJDEP may take legal action against him if he continued to mow and maintain areas that were regulated and protected by the Freshwater Wetlands Protection Act, N.J. Stat. Ann. 13:9B-1, et seq. ("FWPA"). The defendants explained that the remedies they would seek would be based on Pieczenik's independent violations of the FWPA as a tenant. In light of the defendants' statement and Pieczenik's objection to the potential enforcement in his response to the motion to dismiss, the District Court dismissed the complaint without prejudice. The District Court allowed Pieczenik 10 days to amend his complaint to challenge the threat of enforcement of the FWPA. Pieczenik subsequently filed a notice of appeal.[2]

---

[1] In concluding that the action was not justiciable, the District Court also relied on cases discussing principles related to ripeness and mootness.

[2] Also, before he filed his notice of appeal, Pieczenik filed a document in the District Court that he entitled "amended complaint, motion for reconsideration and request for a default judgment." Among other things, he stated that he would like to amend his complaint to include a new claim that the defendants sought to remove him from his job as a New Jersey professor. He also included a motion for default judgment. After the District Judge (Judge Wolfson) recused without ruling on the motion because she had personal knowledge of the facts underlying the new claim, another District Judge denied the motion for reconsideration and the motion for a default judgment because this appeal was pending. Pieczenik did not file another notice of appeal or amend his notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[3] We exercise plenary review over a dismissal for lack of subject-matter jurisdiction. See Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). We may affirm on any basis supported by the record. See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988).

Upon review, we agree that the District Court lacked subject-matter jurisdiction over the complaint. The Constitution limits federal courts' jurisdiction to actual cases and controversies between proper litigants. See Florida Audubon Soc. v. Bentsen, 94 F.3d 658, 661 (D.C. Cir. 1996) (en banc) (citing Liverpool, N.Y. & Phila. Steam-Ship Co. v. Comm'rs of Emigration, 113 U.S. 33, 39 (1885)).

In his complaint, Pieczenik took issue with the ACO and its application to him. The letter that the Bureau Chief sent him to notify him about the mowing restrictions was phrased ambiguously such that he could have understood it to mean that the defendants would take action against him based on violations of the provisions of the ACO. However, the defendants have expressly stated that they have never planned to, and never

---

[3] Although the District Court dismissed Pieczenik's complaint without prejudice and allowed amendment, we may hear this appeal. "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, the rule of Borelli does not apply because the dismissal was based on justiciability (lack of standing and ripeness), and it appears that Pieczenik cannot do anything to cure the complaint. See Pa. Family Inst., Inc. v. Black, 489 F.3d 156, 162 (3d Cir. 2007); Presbytery of N.J. of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1461 & 1462 (3d Cir. 1994). The District Court allowed amendment to raise a different cause of action (a state law claim under the FWPA) but foreclosed any challenge to the ACO by Pieczenik.

4

will, take action against Pieczenik on the basis of the ACO. On appeal, they stress that it is undisputed that they never intended to hold Pieczenik liable under the ACO and that they agree that they cannot.

Because the defendants have not and will not apply terms of the ACO against Pieczenik, Pieczenik's requests for the District Court to declare the ACO void on its face as applied to him and enjoin its enforcement against him were not justiciable. "In order to present a justiciable controversy in an action seeking a declaratory judgment to protect against a feared future event, the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Salvation Army v. Dep't of Community Affairs, 919 F.2d 183, 192 (3d Cir. 1990) (citations omitted). Pieczenik maintains that his suit should proceed despite the defendants' statements because the NJDEP will enforce the ACO against him through his landlord. That is, he will be affected by NJDEP's imposition of the requirements of the ACO on its signatory (for instance, he posits that the NJDEP could take steps against his landlord and his landlord could be compelled to threaten eviction absent compliance). Even putting aside whether the landlord is still the property owner,[4] his speculation about what *could* happen is not sufficient to show a real and substantial probability of some event occurring in the future that his litigation could protect against. See Salvation Army, 919 F.2d at 192. Instead,

---

[4] In motions separately filed, and previously ruled on, in this appeal, the parties have discussed a state foreclosure action against the landlord.

5

the ruling he requested from the District Court would have been impermissibly advisory.

See Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 678-79 (2016).

Pieczenik also argues that he was entitled to a default judgment in his favor in this action on the basis that the defendants did not timely respond to his complaint. The defendants filed their motion within the time permitted in the District Court. However, Pieczenik argues that an extension of time granted by the District Court Clerk in compliance with the District of New Jersey's Local Rule 6.1 was invalid and in conflict with Rule 6(a) of the Federal Rules of Civil Procedure, which allows the court to grant an extension of time for good cause shown.[5] Without deciding the validity of Local Rule 6.1, we note that Pieczenik was not automatically entitled to a default judgment based on when the response was filed in this case.[6] Default judgments, which are disfavored, are left to the discretion of the District Court. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). Furthermore, a district court has an obligation to consider its jurisdiction before entering a default judgment, see Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986) (per curiam), and it is

---

[5] Local Rule 6.1(b) allows the Clerk to grant one extension of time no greater than 14 days for the filing of a responsive pleading.

[6] Additionally, to the extent that his argument is a challenge to the order denying the motion for a default judgment that he filed with his motion for reconsideration after the District Court dismissed his complaint, it is not clear if the issue is before us. He did not file a separate appeal from the post-judgment order denying his request for a default judgment. In any event, Pieczenik relied on a different argument for default judgment in the District Court. See ECF No. 30 at 2. Unless there are compelling circumstances

6

appropriate for a district court to decline to enter a default judgment or to vacate default judgment where the court lacks jurisdiction or questions whether it has jurisdiction. See Cheeks v. Fort Myer Const. Co., 722 F. Supp. 2d 93, 112 (D.D.C. 2010); D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 437-38 (E.D. Pa. 2006).

For these reasons, we will affirm the District Court's judgment.

---

(which are absent here), we do not consider an issue raised for the first time on appeal. Ross v. Hotel Emps. & Rest. Emps. Int'l Union, 266 F.3d 236, 242 (3d Cir. 2001).