UNITED STATES of America,
Plaintiff–Appellee,

v.

NINETY–FIVE FIREARMS, Described in Exhibit A, Defendant,

and

Curtis F. White, Claimant–Appellant.

No. 92–15780.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 1993 *.

Decided June 21, 1994.

Roger K. Vehrs, Fresno, CA, for claimant-appellant, Curtis F. White.

Marsha R. Stroup, Asst. U.S. Atty., Fresno, CA, for plaintiff-appellee.

Before TANG, TROTT, and FERNANDEZ, Circuit Judges.

Opinion by Judge TANG.

---

* The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

TANG, Senior Circuit Judge:

Curtis White ("White"), a licensed firearms dealer, appeals the forfeiture of ninety-five firearms seized by the Alcohol, Tobacco & Firearms Service ("ATF"). The seizure and forfeiture resulted from White's failure to maintain and retain firearms records. White argues that the statute and the regulation that required him to maintain and retain the records, 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 178.121(a), are unconstitutionally vague. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

White owned and operated a licensed firearms business both from his home and from his liquor store in Fresno, California. In February of 1990, the ATF initiated an undercover investigation of White's firearms business. During the course of the investigation White informed undercover ATF agents that he would sell firearms to convicted felons and would falsify ATF records to do so. The undercover operation concluded on September 5, 1990, with White's arrest.

Pursuant to a search warrant, ATF agents conducted searches both of White's home and his liquor store. A search of the liquor store uncovered an acquisition and disposition record ("A & D record"), two sets of California firearms records, and fifty-two firearms. None of the firearms were referenced in the A & D record as required by statute and regulation. The concurrent search of White's home uncovered forty-nine firearms but no records. However, six of the firearms found at White's home were identified in the A & D record found at his liquor store and were not seized. The ATF agent who allowed White to keep the six firearms testified that he knew that his decision was not in accordance with law but that he was trying to be "fair" to White. The ATF seized the remaining forty-three firearms and the fifty-two firearms found at White's liquor store.

At trial of the forfeiture action, White argued that he had indeed maintained and retained proper firearms records for most of the firearms but that the records had been inadvertently moved at the time his home and his liquor store were searched. He also argued that forfeiture was unfair because the firearms statutes and regulations do not state clearly that records are required to be maintained and retained on the licensed premises on a permanent basis, and that those statutes and regulations are subject to arbitrary enforcement. However, based on the fact that the ATF had warned White on three occasions of the necessity of maintaining and retaining proper firearms records and had provided him with written material which clearly and explicitly stated that firearms records were required to be maintained and retained on the licensed premises, the district court determined that White's current failure to maintain and retain proper firearms records was "willful," and ordered the seized firearms to be forfeited to the United States under 18 U.S.C. § 924(d)(1) and I.R.C. § 5845(a).

## DISCUSSION

White argues that the statute and the regulation requiring him to maintain and retain firearms records, 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 178.121(a), are unconstitutionally vague as to time and place because neither indicates whether the mandatory records must be permanently maintained and retained on the licensed premises or whether a firearms dealer with multiple licenses must maintain and retain separate records for each location at which he or she is licensed. White also argues that the statute and the regulation are subject to arbitrary enforcement because the ATF agents did not know if records found on one licensed premises were sufficient to comply with the record keeping requirements for another licensed premises.

Whether a statute or regulation is unconstitutionally vague is a question of law reviewed de novo. *United States v. Weitzenhoff,* 1 F.3d 1523, 1533 (9th Cir.1993); *United States v. Helmy,* 951 F.2d 988, 993 (9th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2287, 119 L.Ed.2d 211 (1992). To pass the vagueness test, statutes and regulations "must be sufficiently clear so that ordinary people can understand what conduct is being prohibited," and written in a manner that

"does not encourage arbitrary and discriminatory enforcement." *Chalmers v. City of Los Angeles,* 762 F.2d 753, 757 (9th Cir.1985) (citations and quotation marks removed).

Whether § 923(g)(1)(A) and § 178.121(a) are unconstitutionally vague has not been previously addressed in this circuit. However, we agree with the Eighth Circuit that they are not. *See United States v. Decker,* 446 F.2d 164, 166 (8th Cir.1971) (holding that there was no reasonable basis for finding 18 U.S.C. § 923(g) or 26 C.F.R. § 178.121, earlier versions of the statute and regulation at issue, to be unconstitutionally vague); *Fin & Feather Sport Shop, Inc. v. United States Treasury Dep't,* 481 F.Supp. 800, 806 (D.Neb.1979) (same).

Section 923(g)(1)(A) specifically states that:

> *Each ... licensed dealer shall maintain such records* of importation, production, shipment, receipt, sale or other disposition of firearms *at his place of business* for such period, and in such form, as the Secretary may by regulations prescribe....

(Emphasis added). Likewise, § 178.121(a) specifically states that:

> *The records pertaining to firearms transactions* prescribed by this part *shall be retained on the licensed premises* in the manner prescribed by this subpart and for the length of time prescribed by § 178.125.

(Emphasis added). Neither statute nor regulation make any provisions for firearms records to be taken to another location. The plain meaning is clear—firearms records must be maintained and retained on the licensed premises on a permanent basis.

There is nothing in any firearms statute or regulation to indicate that these record keeping requirements are not applicable to firearms dealers with multiple licenses. Section 923(g)(1)(A) requires a firearms dealer to maintain firearms records "at his place of business" and § 178.121 requires those records to be retained "on the licensed premises." Since a separate license is required for each location at which a firearms business is located, *see* 27 C.F.R. § 178.50, there is no question that firearms records are required to be maintained and retained on the premises where the respective firearms are located

regardless of whether a firearms dealer has multiple licenses. "Ordinary people" would have little difficulty arriving at a similar conclusion.

■ Moreover, White's argument that § 923(g)(1)(A) and § 178.121(a) "encourage arbitrary and discriminatory enforcement" because the ATF agents did not know if records found on one licensed premises were sufficient to comply with the record keeping requirements for another licensed premises is unpersuasive. White's argument is premised on the fact that he was allowed to keep six firearms found at his home even though the A & D records for those firearms were located at his liquor store. The ATF agent who allowed White to keep the six firearms testified that he knew that his decision was not in accordance with law, but that he was trying to be "fair" to White.

That such prosecutorial discretion may be exercised by law enforcement officers is not evidence that § 923(g)(1)(A) and § 178.121(a) "encourage arbitrary and discriminatory enforcement." As stated above, White's firearms records were required to be maintained and retained on the licensed premises on a permanent basis. The records for the six firearms retained by White were not properly maintained and retained and therefore were also subject to seizure under 18 U.S.C. § 924(d)(1) and I.R.C. § 5845(a).

## CONCLUSION

Because § 923(g)(1)(A) and § 178.121(a) are sufficiently clear so that "ordinary people" would understand what conduct was expected of them and because neither the statute nor the regulation "encourage arbitrary and discriminatory enforcement," we affirm the district court's forfeiture order.

AFFIRMED.