NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0269n.06

No. 14-3381

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| COMMODORE BANK; GARY E. BECKER, | ) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) |
| | ) |
| GEORGE MICHAEL RILEY, | ) |
| | ) |
| Defendant-Appellee. | ) |
| | ) |

**FILED**
Apr 14, 2015
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

BEFORE:     BOGGS and McKEAGUE, Circuit Judges; and PEARSON, District Judge.[*]

BOGGS, Circuit Judge.  Appellants Commodore Bank (the "Bank") and Gary E. Becker appeal from an order entered by the district court in the federal criminal action against George Michael Riley, Sr.  In 2009, Riley pleaded guilty to one count of making materially false statements in a loan application, in violation of 18 U.S.C. §§ 1014 and 2.  Riley's criminal sentence included restitution to the Bank under the Mandatory Victims Restitution Act ("MVRA") in the amount of $547,836, which the district court determined was satisfied prior to sentencing.  After the Bank continued to pursue Riley in Ohio state court for satisfaction of certain civil judgments related to the loan application, Riley moved the district court in his

---

[*] The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

federal criminal case to find the Bank and its counsel, Becker, in contempt for allegedly violating the district court's sentencing order regarding restitution. The district court denied Riley's motion and the Bank's responsive motion to strike, but again stressed that Riley "satisfied his restitution obligation in this case of $547,836.00 prior to sentencing." Therefore, the district court asserted that "Commodore Bank and [its counsel] are barred from continuing to seek any additional money from [Riley] as a result of the underlying conduct in this case."

Appellants filed this appeal "to clarify" that the district court's order does not bar them from pursuing the civil judgments against Riley in state court, asserting that the district court lacked the power to determine the disposition of the state judgments in its restitution order. The Bank asserts that criminal restitution under the MVRA is distinct from the civil liability addressed in the state-court judgments and observes that an Ohio state court has rejected Riley's argument that the criminal-restitution order satisfied his debts to the Bank.

We agree with the Bank that "[l]ower federal courts have no jurisdiction directly to review final decisions of the courts of a state or similar jurisdiction in judicial proceedings." *Blanton v. United States*, 94 F.3d 227, 233 (6th Cir. 1996). Thus, Riley's assertion that the district court's order relieved him of any obligation to fulfill state-court civil judgments is suspect. To the extent that the Bank's appeal invites us to address its hypothetical concerns regarding the potential future effect of the district court's order on state-court proceedings, however, it goes beyond our authority, which extends only to concrete cases and controversies.

I

A. The Bank Loans and Resulting State Court Proceedings

In early 2005, Appellant Commodore Bank loaned Defendant-Appellee George Michael Riley, Sr., and the entities that Riley owned or controlled a total of $547,836. In exchange, Riley

executed three written promissory notes in favor of the Bank. According to the Bank, Riley and the entities subsequently defaulted on the notes and failed to repay the loans. Thus began a long and tortuous road of legal actions—civil, criminal, and bankruptcy—in state and federal courts.

On May 2, 2005, the Bank filed suit against Riley in the Licking County, Ohio, Court of Common Pleas, Case No. 05-CV-00562, alleging breach of contract for failure to repay and fraud in connection with Riley's loan application. In December 2006, Riley and the Bank entered into a Settlement Agreement in the Licking County case, in which Riley agreed to transfer cash and certain equipment and property to the Bank and to execute a promissory note in favor of the Bank in the amount of $367,000 plus interest. Riley later claimed that the Settlement Agreement was invalid and purportedly failed to fulfill the Agreement's terms. The Bank moved to enforce the Agreement, and a state magistrate judge in the Licking County case issued an order enforcing the terms of the Agreement against Riley. This order was approved and adopted by the Licking County Common Pleas Court judge on April 6, 2007.

On September 18, 2007, the Bank filed another action for breach of contract and fraud against Riley in the Perry County, Ohio, Court of Common Pleas, Case No. 07-CV-00395, alleging that Riley failed to comply with the Settlement Agreement's requirements that he transfer certain equipment to the Bank and make the required payments on the $367,000 promissory note. The bank obtained a default judgment against Riley for $367,000 plus interest, which Riley maintains was improper because the court lacked jurisdiction over him. In September 2008, the Perry County court entered an order holding Riley in contempt and requiring that he pay the Bank's attorney's fees and costs associated with the order. Riley allegedly failed to meet the order's obligations, and, on February 2, 2012, the Perry County court again held him in contempt and required him to pay additional attorney's fees and costs. Riley

filed a motion to purge his contempt, which was denied by the court on November 13, 2012. According to the Bank, in connection with this motion, "Riley unsuccessfully argued that he owed no debt to Commodore Bank by virtue of his federal criminal prosecution and June 24, 2009 sentencing for making a false statement on a bank loan application." Appellants' Br. 7.

After his motion was denied by the Perry County court, Riled filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 701 et seq., in the United States Bankruptcy Court for the Southern District of Ohio, Case No. 2:12-bk-60636, and the Bank initiated a related adversary proceeding. In the bankruptcy proceedings, the parties dispute whether Riley is entitled to a discharge and whether the Bank is truly a creditor of Riley.

### B. The Federal Criminal Case and Restitution Order

On August 12, 2008, while the parties were engaged in litigation over the loans in the Ohio state courts, Riley was charged in a federal criminal indictment with three counts of making "materially false statements in documents submitted to Commodore Bank . . . as part of an applicatio[n] for a bank loan," in violation of 18 U.S.C. §§ 1014 and 2. On January 21, 2009, Riley pleaded guilty in the United States District Court for the Southern District of Ohio to one count of bank fraud. Riley's sentence, which was entered on June 24, 2009, included twenty-four months in prison as well as criminal restitution to the Bank under the Mandatory Victims Restitution Act in the amount of $547,836—the amount of the loans that the Bank initially made to Riley—which the district court determined was "satisfied" by Riley "prior to sentence" in light of various recoveries and garnishments by the Bank.

During this time, the Bank continued to pursue Riley for satisfaction of the state civil judgments against him. As a result, on March 13, 2014, Riley filed a motion in his federal criminal case asking the district court to enter an order to show cause against the Bank and its

counsel, which were involved in the criminal case only in connection with the restitution award, "as to why they should not be held in contempt for violating" the court's 2009 restitution order. Specifically, Riley argued that he "does not owe Commodore Bank any further money, as [the district court] has determined that Mr. Riley has paid Commodore Bank in full through restitution as of June 24, 2009." Thus, Riley maintained, the Bank's continued efforts to collect money from him violated the district court's judgment that Riley satisfied his restitution obligation prior to sentencing. Riley also asked for the district court to impose sanctions against the Bank and its counsel for their "continual harassment" of him.

In response, the Bank and its counsel filed a motion to strike or hold in abeyance Riley's motion to show cause. The Bank argued, inter alia, that: Riley lacked standing to file his motion in light of the ongoing bankruptcy proceedings; Riley's argument that the state civil judgments were extinguished by the district court's criminal-restitution order was rejected by the Ohio state courts and therefore is barred from relitigation in federal court under the *Rooker-Feldman* doctrine; and the district court lacked subject-matter jurisdiction over the separate civil claims filed by the Bank against Riley in state court.

On April 4, 2014, the district court denied the motions filed by Riley and the Bank. In its order (the "Order"), the court reiterated its prior statement from Riley's sentencing that Riley "satisfied his restitution obligation of $547,836.00 prior to sentencing," noting the government's "agreement" that "Riley does not owe any additional money in restitution in his criminal case." The court refused Riley's request to impose sanctions on the Bank and its counsel after stressing that "they are not parties to the criminal case before the Court." In conclusion, the district court stated that Riley "satisfied his restitution obligation in this case of $547,836.00 prior to

sentencing. [Therefore,] Commodore Bank and [its counsel] are barred from continuing to seek any additional money from [Riley] as a result of the underlying conduct in this case."

On appeal, the Bank seeks "to clarify" the district court's "vague admonition" in the Order that the Bank is barred from continuing to seek additional money from Riley. Appellants' Br. 10. In the Bank's view, the Order means only "that no further action can be taken to collect those components of debt which comprised Riley's *criminal restitution* order," *ibid.* (emphasis added), and not that the Bank is barred from satisfying the balance of its *civil judgments* against Riley. In its brief, the Bank argues that the district court's Order should be vacated because of alleged "jurisdictional defects" regarding the district court's power—or lack thereof—to determine the disposition of state civil judgments against Riley. It seems that in the Bank's view, jurisdictional problems would arise only if the Order were interpreted to bar the Bank's efforts to "continue to pursue Riley to satisfy the balance of Commodore Bank's *civil judgments* against him [in Ohio], which are separate matters" from the federal criminal case. *Ibid.* (emphasis added). Thus, "[o]ut of an abundance of caution," the Bank filed this appeal "to clarify" that it can continue to pursue the civil judgments in state court. *Id.* at 3, 10.

## II

### A

The Bank requests that we vacate or clarify the district court's Order because of a risk that it will be relied upon to deny the Bank recovery in Ohio state court. Thus, it appears that the Bank wants this court to determine that it *would be* improper *if* the Ohio courts were to rely on the district court's Order to frustrate the Bank's efforts to enforce the civil judgments against Riley. In this respect, the Bank's appeal itself raises jurisdictional concerns. "Article III of the United States Constitution empowers the federal courts to hear only 'cases or controversies,'

U.S. Const. art. III, § 2, cl. 1, a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011). Thus, while this court has jurisdiction to hear an appeal from the final decision of a district court pursuant to 28 U.S.C. § 1291, the appeal must itself present an actual, ongoing case or controversy.[1]

On appeal, the Bank does not challenge the nature or the amount of the ordered restitution, but wishes that we "clarify" that the district court's Order will not impact the Bank's efforts to pursue Riley for civil judgments in state court.[2] However, "federal appellate courts . . . [do] not review lower courts' opinions, but their *judgments*." *Jennings v. Stephens*, 135 S. Ct. 793, 799 (2015); *see also ibid.* ("A prevailing party seeks to enforce not a district court's reasoning, but the court's *judgment*."). Nor do we have the authority to "render advisory opinions or decide abstract propositions." *Boswell v. McGinnis*, 1997 WL 428965, at *3 (6th Cir. July 29, 1997) (quoting *Church of Scientology of Hawaii v. United States*, 485 F.2d 313, 314

---

[1] While "[i]t is rare that a valid case or controversy may be presented to the lower courts but not to a court of appellate review," that situation may arise because "[t]he 'case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.'" *In re GF Corp.*, 1993 WL 239062, at *2 (6th Cir. June 30, 1993) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). Although no party has raised the issue of appellate jurisdiction, "[i]f there is no case or controversy, this court lacks subject matter jurisdiction to hear th[e] appeal even [if] the parties agreed below that the case was ripe for adjudication; agreement of the parties cannot establish subject matter jurisdiction." *State of Mich. v. Meese*, 853 F.2d 395, 397 (6th Cir. 1988).

[2] *See* Appellants' Br. 1 ("In this appeal, Appellants . . . challenge the order entered in this federal criminal action on April 4, 2014 . . . which *may* restrict Appellants from seeking and/or collecting civil damages under Ohio state law . . . .") (emphasis added); *id.* at 22–23 ("[T]o the extent it bars or limits Appellants from seeking to collect on . . . Ohio judgments against Riley *in the future*, the District Court's Restitution Order should be vacated.") (emphasis added). We note that if the Bank were concerned only with clarifying the scope of the district court's Order, it could have filed a motion for clarification with the district court.

(9th Cir.1973)); *see also Commodities Exp. Co. v. Detroit Int'l Bridge Co.*, 695 F.3d 518, 525 (6th Cir. 2012) ("We have no power to offer an advisory opinion, based on hypothetical facts.").

The district court has never attempted to stay or otherwise interfere with any specific state-court proceeding or impose sanctions on the Bank for continuing to pursue state-court remedies. Moreover, the Ohio courts to our knowledge have never relied on the district court's Order to deny the Bank's efforts to satisfy any civil judgments against Riley. Indeed, under the Bank's own theory of judicial power, even if the district court's Order *were* interpreted to cover the state civil judgments at issue, it would apparently have no effect on the Bank's efforts to collect the sums that Riley purportedly owes to it pursuant to the Ohio judgments. *Cf.* Appellants' Reply Br. 12 ("[I]t is a mystery how the District Court's assessment of Riley's criminal restitution could possibly foreclose the Ohio state courts' ability to enter and enforce civil judgments against Riley . . . .").

Under these circumstances, granting the Bank's request to vacate the district court's Order would provide only speculative redress of a hypothetical injury that the Bank has not suffered. "To satisfy the Article III case or controversy requirement," however, "a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *cf. In re GF Corp.*, 1993 WL 239062, at*3 (6th Cir. June 30, 1993) (dismissing appeal for lack of jurisdiction where posture of the appeal left the court "without the means to provide a remedy"). In the event that an Ohio court relies upon the district court's Order in the manner the Bank fears, the Bank's recourse would be to raise arguments before the state courts—fora with clear jurisdiction over the civil judgments at issue—similar to those that it attempts to raise here.

B

Our ruling does not decide the question whether the civil debts that Riley purportedly owes pursuant to the state-court judgments have been satisfied.  The Bank stresses that the Perry County Court rejected Riley's contention that the criminal-restitution order "satisfied his debt to the [Bank] in full" and maintained that the judgments against Riley in that court "are valid [c]ourt [o]rders" that "were never appealed."  This is a dispute for the Ohio courts to address, as lower federal courts do not have the "authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

III

As far as the MVRA is concerned, Riley's criminal-restitution obligation has been satisfied.  On this much the parties seem to agree.  Nevertheless, the Bank maintains that it still entitled to collect on civil judgments against Riley in Ohio state court for separate and distinct damages.  Riley, of course, disagrees, and instead argues that the Bank has received all it is entitled to and more.  If this fight is to go on, it must be waged (for now, at least) in the Ohio courts.  For the foregoing reasons, we DISMISS the appeal for lack of jurisdiction.